**Edom Everett WILLIAMS, Plaintiff,**

v.

**Arthur SCHULTE, and Gerald Higgins, Defendants.**

No. 83–1902C(4).

United States District Court, E.D. Missouri, E.D.

Nov. 15, 1984.

On Motion For Reconsideration March 27, 1985.

Curtis Dombek, St. Louis, Mo., for plaintiff.

Rosalynn Van Heest, Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on defendants' motion for summary judgment (treated by the Court as a motion to dismiss); plaintiff's motion for summary judgment, and plaintiff's petition for a writ of habeas corpus.

In light of the fact that plaintiff is no longer incarcerated, his writ for habeas corpus relief is denied as moot. This leaves the Court with the more troubling issue of whether plaintiff's constitutional rights were violated.

Plaintiff was originally an inmate at the St. Mary's Honor Center in St. Louis, Missouri. Because of an alleged conduct violation, plaintiff was later apprehended and placed in the St. Louis Police Central Headquarters' holdover jail. At the holdover cell, the plaintiff was advised that certain conduct violations had been alleged against him. The plaintiff was alleged to have been out-of-bounds from the St. Mary's facility. This out-of-bounds infraction was escalated to an escape. Plaintiff alleges that he was not advised of his rights concerning the conduct violations, and that the defendants failed to furnish him with a copy of the alleged violations. Plaintiff also maintains that he was not given the opportunity to gather or present any evidence on his behalf. Plaintiff claims that as a result of the omissions of the defendants, his original parole date of August 31, 1983, was revoked.

*Procedural Due Process Issue.*

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1979), the Supreme Court ruled that certain procedures must be followed in prison disciplinary proceedings. *Wolff* established the following procedures which must be followed prior to the revocation of a prisoner's liberty interests: (1) written notice of the claimed violation at least 24 hours before the disciplinary hearing, (2) a written statement must be given to the prisoner containing the reasoning and conclusions of the decision maker, and (3) an opportunity to call witnesses and present evidence. *See Wolff v. McDonnell,* 418 U.S. at 564–566, 94 S.Ct. at 2978–2980.

█ Upon reviewing the record now before the Court, it seems apparent that the defendants failed to follow the specific procedures set out in *Wolff.* But as the Supreme Court has pointed out, "[d]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). *See also Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). The Court is not convinced that the procedural defects in this case rise to the level of a constitutional deprivation; further, the Court is of the opinion that the procedures used were adequate in light of the totality of the circumstances that were present.

The plaintiff was incarcerated within a St. Louis Police Department holdover cell at the time his team meeting took place. Prisoners incarcerated within the holdover cells were not allowed to keep papers with them in their cells. Because of that rule, the defendants allowed the plaintiff to read the violation report, but did not allow him to keep the report with him as ordinarily required by *Wolff.* The issue which now confronts the Court is whether the circumstances present at the St. Louis holdover cell warrant an exception to the procedures required in *Wolff.*

█ When determining whether the procedures given satisfy the due process requirements of the constitution, the Court must undertake a weighing and balancing process. The Court must consider the liberty interest involved; the possibility of an erroneous deprivation of a constitutional right; and the governmental interest involved. *See Mathews v. Eldridge,* 424 U.S. 319, 334–335, 96 S.Ct. 893, 902–903, 47 L.Ed.2d 18 (1976); *Goldberg v. Kelly,* 397 U.S. 254, 263–266, 90 S.Ct. 1011, 1018–1020, 25 L.Ed.2d 287 (1970). *See also Landen v. Plasencia,* 459 U.S. 21, 103 S.Ct. 321, 330, 74 L.Ed.2d 21 (1982). In this specific case, the Court is of the opinion that the governmental interest outweighs that of the plaintiff. The reason behind the rule disallowing inmates to keep papers with them while in the holdover cell stems from security problems at the holdover cell. All too often prisoners within the cell would use papers to start fires and to stop up the drainage system. In *Wolff,* the disciplinary proceedings took place in a maximum security facility, unlike the St. Louis holdover facility. The problems posed by allowing prisoners to keep papers with them did not exist in the *Wolff* case. There are no maximum correctional facilities within the City of St. Louis. Thus, the Court comes to the conclusion that the defendants had a valid reason for not allowing the plaintiff to retain a copy of the conduct violation report. Further, there is no showing that plaintiff's rights in the hearing were substantially compromised by his failure to have the papers in the holding cell overnight.

*Adequacy of the Hearing.*

█ The plaintiff alleges that he was not given the opportunity to call witnesses or present evidence at the disciplinary proceedings. But the plaintiff himself admits that he never specifically requested that he be allowed to call witnesses or present any evidence. Thus, the plaintiff cannot argue

that the defendants violated his constitutional rights based on the above alleged irregularities. Plaintiff also contends that he was not given Miranda warnings when he was apprehended. The plaintiff has failed to substantiate his claim, and there is no evidence in the record that would indicate that he was not given the required Miranda warnings.

■ The plaintiff also maintains that the adjustment team which conducted a hearing on the alleged conduct violation was improperly staffed. But plaintiff has yet to show that he was damaged because of the alleged improper staffing. Also, the Court is of the opinion that the above fact alone does not rise to the level of a constitutional deprivation.

Finally, plaintiff has failed to show this Court the effect, if any, that additional procedures would have had on the outcome of the disciplinary committee's findings. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Thus, the Court concludes that based on the record now before this Court, the procedural deficiencies alleged do not rise to the level of constitutional infractions. Based on the record now before the Court, dismissal of the plaintiff's case seems to be in order. The Court will, however, allow the plaintiff to bring forth evidence that would show that a different result would have occurred had different procedures been used. Accordingly,

IT IS HEREBY ORDERED that petitioner Edom Everett Williams' petition for a writ of habeas corpus is **DISMISSED AS MOOT.**

IT IS ORDERED that plaintiff's motion for summary judgment is **DENIED.**

IT IS ORDERED that defendants' motion for summary judgment, treated as a motion to dismiss, is **STAYED** pending further Orders of this Court.

The plaintiff may amend his complaint within 20 days of this Order provided he can plead and adduce sufficient new evidence to support his contentions.

## ON MOTION FOR RECONSIDERATION

This matter comes before the Court on plaintiff's motion for reconsideration.

■ At the outset, the Court notes that plaintiff is correct in his assertion that procedural due process claims are actionable for nominal damages without proof of actual injury. *See Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–1054, 55 L.Ed.2d 252 (1980). But the Court remains firm in its belief that the procedural irregularities that may have occurred in this case do not rise to the level of a constitutional deprivation. The Supreme Court in *Wolff* recognized the fact that the rights of prisoners are subject to certain restrictions. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff*, 418 U.S. at 556, 94 S.Ct. at 2975. There must be a "mutual accommodation" between the needs of the institution and the rights of the individuals. *Id.* at 556, 94 S.Ct. at 2975.

The Court in its previous order recognized the special problems that the St. Louis City Municipal Jail would face if it were to allow prisoners to keep papers with them overnight. But even with the restrictions that were placed upon the plaintiff in this case, the Court, upon second reflection, is of the opinion that the requirements of *Wolff* were in fact followed. Plaintiff was given written notice of the charges that were made against him. Plaintiff signed a statement acknowledging the fact that he was allowed to read the violation report prior to his hearing. The second requirement of *Wolff* was also met. Plaintiff admits that he never requested that he be allowed to present any witnesses on his own behalf. The third requirement of *Wolff* was met by defendants in that plaintiff was allowed to read a copy of the report containing the findings and the evidence relied upon by the Classification—

Treatment Team. Plaintiff again signed a copy of the report acknowledging that he was given an opportunity to read the report. Thus, the Court concludes that the constitutional rights of plaintiff were not infringed, and plaintiff's motion for reconsideration is therefore denied. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment, which is treated by the Court as a motion to dismiss, is **GRANTED**.